REQUESTED BY: Dear Senator:
This is in response to your request for an opinion as to the constitutionality of LB 372, as amended. You state that you are particularly concerned about the provisions of the bill which exempt child care from licensing requirements by the Welfare Department in counties whose population is less than 55,000.
LB 372 is to amend section 71-1901, R.R.S. 1943, and adds to the definition of child care the qualification of being `regularly' engaged in the care, supervision, custody, and control over children under sixteen years for compensation or hire. It exempts from the definition child care
which is not publicly solicited, is operated within the individual's own home, does not require the hiring of additional personnel, does not last for more than a period of twelve continuous hours, is not provided for more than five children except for the individual's own children in any twelve continuous hours, and is located in a county whose population is less than 55,000.
To put it simply, the effect of the bill is to maintain licensing requirement for day care in the home in Lancaster and Douglas Counties, but to eliminate such requirements elsewhere. Section 71-1902, R.R.S. 1943, reads as follows:
 "No person shall furnish, or offer to furnish, child care for two or more children from different families without having in full force and effect a written license. . . ."
As a result, a resident of a less populated county could provide services for five children in the home for twelve continuous hours a day without a license, but a resident of Lancaster County could not do so, and would be subject to section 71-1902, supra, and subject to investigation as to personal character and to home inspection for purposes of safety.
In City of Scottsbluff v. Tiemann, 185 Neb. 257, a case involving classification by population, the Supreme Court of Nebraska held that a legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstance that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. Classification for the purpose of legislation must be real and not illusive; it cannot be based on distinctions without a substantial difference.
Proponents of LB 372 apparently believe that the parents of a child in outstate counties can more readily determine the character of the operator of the child care business and the condition of the facility from the standpoint of safety than such parents in Lancaster or Douglas Counties. We suggest that such a position is illusory, particularly in cities such as Columbus, Hastings and Grand Island which are all relatively industrialized with the accompanying commuting, mobile populations.
To further emphasize the fact that such classification is suspect, let us compare the situation in the small town in a highly populated county to a relatively large city in a less populated county. A person who wanted to provide day care services for children in Raymond, Nebraska (Lancaster County) (population under 500) would be subject to licensing, yet a person from Grand Island (Hall County) (population 35,000) would be exempt.
For the reasons set out above, it is our opinion that the constitutionality of LB 372 is suspect.
You also ask for our opinion as to whether, if the population distinction is unconstitutional, the severability clause protects the remaining elements of the bill.
The rule is that where invalid portions of a statute are so interwoven with the rest of the act so that the act may not be operative with the void portions eliminated or where it is obvious from an inspection of the act that the invalid portion formed the inducement for the passage of the act, the whole act fails. City of Scottsbluff v. Tiemann,supra; Terry Carpenter, Inc. v. Wood, 177 Neb. 515,129 N.W.2d 475 (1964). An inspection of the bill shows that if the population classification should fail, the other provisions of the bill could not be operative since other remaining exemptions are inextricably tied to the classification by population.
In summary, it is the opinion of this office the LB 372 is suspect for the reason that the population classification is an artificial and baseless classification and this violates the provisions of the Constitution prohibiting local and special legislation.